**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, 9th FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL:  (410) 962-3962
FAX:  (410) 962-0872

JAMES WYDA    ELIZABETH G. OYER
FEDERAL PUBLIC DEFENDER    ASSISTANT FEDERAL PUBLIC DEFENDER

April 29, 2019

<u>Via ECF Filing</u>

Honorable Charles B. Day
United States Magistrate Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:    *United States v. Christopher Hasson*, Criminal Case No. 19-cr-0096-GJH

Dear Judge Day:

      I am writing on behalf of my client, Christopher Hasson, to provide the Court with several proposed release options for Mr. Hasson.  At the detention hearing held on April 25, 2019, Your Honor ruled that the Bail Reform Act requires the Court to set release conditions for Mr. Hasson, but also emphasized that very restrictive release conditions are appropriate in this case.  The Court directed defense counsel to offer one or more proposed sets of conditions for the Court's consideration.  We have several options, including five potential third-party custodians, to propose to the Court.  Our proposals are outlined below.

      **<u>Release Conditions</u>**

      With respect to release conditions, we respectfully propose that the following conditions will be more than sufficient to ensure that Mr. Hasson does not pose a danger to the community or a risk of flight.  In the event that Mr. Hasson is released to any of the proposed third-party custodians, we submit that these conditions should apply (in addition to any others the Court deems appropriate):

1. Designation of a third-party custodian, to be selected by the Court from the list below.
2. Release on location monitoring and 24/7 home detention, at the residence of the third-party custodian.  Mr. Hasson would be permitted to leave the residence only for court appearances, meetings with counsel, and necessary medical treatment, as approved in advance by Pretrial Services.
3. Supervision by Pretrial Services in the District of Maryland and the jurisdiction of release.

The Hon. Charles B. Day
<u>United States v. Christopher Paul Hasson</u>, Crim. No. GJH-19-0096
April 29, 2019
Page 2

    4. Compliance with drug-testing, substance abuse treatment, and mental health evaluation and treatment, as deemed necessary and appropriate by Pretrial Services.
    5. No used of controlled substance.
    6. No access to firearms.
    7. No use of a computer and/or other internet-capable device.
    8. All other standard conditions of pretrial supervision.

**Proposed Third-Party Custodians**

We respectfully submit that any of the following individuals could and would serve capably as a third-party custodian to Mr. Hasson. Defense counsel has spoken at length with each of the listed individuals and can represent that they understand and are willing to undertake the responsibilities of serving as third-party custodian to Mr. Hasson.[1]

1. Mr. Hasson's mother-in-law, who lives in Virginia and works as a hairstylist. She is willing to take a leave of absence from work in order to supervise Mr. Hasson around the clock if necessary.

2. Mr. Hasson's father-in-law, who also lives in Virginia. He is retired and works on cars during the day in a garage on his property.

3. Mr. Hasson's parents, who live in Arizona and are retired. They are also willing to provide a property bond, as described below.

4. Mr. Hasson's brother, who lives in Arizona. He is retired from the U.S. Air Force and currently works in public affairs, as described more fully in the letter submitted to the Court on April 24.

5. Mr. Hasson's wife, who currently lives in Virginia with her mother. She does not work.

**Property Bonds**

If the Court determines that a bond is appropriate, in addition to the release conditions proposed above, there are two properties that could be posted to the Court. They are described below.

---

[1] To protect the privacy of these individuals, they are identified herein only by their relationship to Mr. Hasson; however, personal identifying information including names, addresses, and phone numbers will be provided separately to the Court, the government, and Pretrial Services in a sealed addendum.

The Hon. Charles B. Day
<u>United States v. Christopher Paul Hasson</u>, Crim. No. GJH-19-0096
April 29, 2019
Page 3

1. Mr. Hasson's parents are willing to post their home in Arizona, which they have owned for over 20 years. The estimated market value of the home is approximately $400,000. There is no mortgage on the home. The only significant debt associated with the home is a home-improvement loan in the amount of approximately $20,000.

2. Mr. Hasson and his wife own a home in North Carolina, currently used as a rental property, that could also be posted as a bond. The home is subject to a mortgage. The Hassons have an estimated $50,000 in equity in the home.

As the Court noted in its April 25 ruling, the Bail Reform Act requires the Court to release Mr. Hasson "subject to the least restrictive" set of conditions that the Court "determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." We respectfully submit that some combination of the release conditions proposed above will be more than sufficient to accomplish those objectives.

We respectfully request that the Court schedule a further hearing on this matter at the earliest possible date.

                                                        Respectfully submitted,

                                                        /s/

                                                       Liz Oyer
                                                       Assistant Federal Public Defender

cc:    Thomas P. Windom, Esq.
        Jennifer Sykes, Esq.
        Ashley Pittman, U.S. Pretrial Services