IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| v. | * | CRIMINAL NO. GJH-19-96 |
| | * | |
| CHRISTOPHER PAUL HASSON, | * | |
| | * | |
| Defendant | * | |
| | * | |

\*\*\*\*\*\*\*

## GOVERNMENT'S MOTION TO SEAL

The United States of America, by and through the undersigned attorneys, hereby moves for an order sealing the Government's Opposition to Defendant's Proposed Release Conditions. The memorandum contains personal information regarding the defendant's relatives.

In order to seal the opposition brief, "the government must demonstrate that: 1) there is a compelling governmental interest requiring materials to be kept under seal; and 2) there is no less restrictive means, such as redaction, available." *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584, 591 (D. Md. 2004) (citing *United States v. Oliver*, No. 99-4231, 2000 U.S. App. LEXIS 3630, at \*4 (4th Cir. Va. Mar. 9, 2000)). Here, there is a compelling interest in not disclosing the information described above. Moreover, the Government will file a redacted copy of its brief on the public docket.

The procedures for sealing are set forth in *Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989): "The judicial officer may explicitly adopt the facts that the government presents to justify the sealing . . . ." *Id*. at 65.

Respectfully Submitted,

Robert K. Hur
United States Attorney

By: /s/ _____
Thomas P. Windom
Assistant United States Attorney