**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No.  GJH-19-0096** |
| **CHRISTOPHER PAUL HASSON** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO DISMISS COUNT THREE OF THE INDICTMENT ON VOID-FOR-VAGUENESS GROUNDS

Defendant Christopher Hasson, through undersigned counsel, respectfully moves this Honorable Court for an order dismissing Count Three of the indictment because the statute charged in that count is unconstitutionally void for vagueness on its face.

On February 27, 2019, a grand jury returned an indictment charging Mr. Hasson with one count of possessing an unregistered firearm silencer, under 26 U.S.C. § 5861(d); one count of possessing a firearm silencer unidentified by serial number, under 26 U.S.C. § 5861(i); one count of possession of a firearm by an unlawful user and addict of a controlled substance, under 18 U.S.C. § 922(g)(3) ("Count Three"); and one count of possessing a controlled substance, under 21 U.S.C. § 844(a).  ECF No. 16.  Count Three alleges that on or about February 15, 2019, Mr. Hasson, "then being an unlawful user and addict of a controlled substance as defined in 21 U.S.C. § 802, did knowingly possess, in and affecting commerce, firearms."  ECF No. 16 at 3.

## I.    LEGAL BACKGROUND

"Due process requires that a criminal statute provide adequate notice to a person of ordinary intelligence that his contemplated conduct is illegal, for no man shall be held criminally responsible for conduct which he could not reasonably understand to be

1

proscribed." *United States v. Sun*, 278 F.3d 302, 309 (4th Cir. 2002).  "Thus, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id.*  Courts refer to this rule as a "fair notice" requirement.  *Kolbe v. Hogan*, 849 F.3d 114, 148 (4th Cir. 2017) (en banc).  For statutes that "impos[e] criminal penalties, the standard of certainty is higher" because noncompliance can result in a loss of liberty.  *Schleifer by Schleifer v. City of Charlottesville*, 159 F.3d 843, 853 (4th Cir. 1998).

Void-for-vagueness challenges come in two types: facial and as applied.  In an as applied challenge, the defendant argues the statute does not provide fair notice that his particular conduct exposes him to liability.  *See, e.g.*, *United States v. Klecker*, 348 F.3d 69, 72 (4th Cir. 2003), *overruled on other grounds by McFadden v. United States*, 135 S. Ct. 2298 (2015).  A facial challenge, by contrast, "is an attack on a statute itself as opposed to a particular application," *City of L.A. v. Patel*, 135 S. Ct. 2443, 2449 (2015), in which a defendant argues the statute is impermissibly vague as a general matter, without regard to his own conduct.

The Fourth Circuit previously held that "[w]hen considering a facial challenge, courts first determine whether the [statute] implicates a substantial amount of constitutionally protected conduct," *Martin v. Lloyd*, 700 F.3d 132, 135 (4th Cir. 2012)—in particular, First Amendment activity, *see, e.g.*, *Klecker*, 348 F.3d at 71.  If the statute does not implicate such conduct, the Fourth Circuit explained, "then the challenge should only succeed if the law is impermissibly vague in all of its applications."  *Martin*, 700 F.3d at 135.

But the Supreme Court abrogated this line of case law in 2015, when, in a non-First Amendment context, it "squarely" rejected "the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Johnson v. United States*, 135 S. Ct. 2551, 2560-61 (2015). The holdings of (as opposed to dicta in) prior Supreme Court cases, *Johnson* explained, "refute any suggestion that the existence of *some* obviously [criminal conduct] establishes [a statute's] constitutionality." *Id.* at 2561 (emphasis in original); *see also Sessions v. Dimaya*, 138 S. Ct. 1204, 1314 n.3 (2018) (explaining, outside the First Amendment context, that *Johnson* rejected the notion that "a court may not invalidate a statute for vagueness if it is clear in any of its applications").

Following *Johnson*, the Fourth Circuit has recognized that to prevail in a facial vagueness challenge that does not implicate the First Amendment, a defendant is no longer required "to establish that no set of circumstances exists under which [a statute] would be valid." *Kolbe*, 849 F.3d at 148 n.19; *see also, e.g.*, *United States v. Larson*, 747 F. App'x 927, 930 (4th Cir. 2018) (unpublished) (noting, in case where defendant brought facial challenge, that "[a]fter *Johnson*, at least, we know that a statute that doesn't raise First Amendment problems may nevertheless be impermissibly vague on due process grounds"); *accord Guerrero v. Whitaker*, 908 F.3d 541, 544 (9th Cir. 2018) ("*Johnson* and *Dimaya* expressly rejected the notion that a statutory provision survives a facial vagueness challenge merely because some conduct clearly falls within the statute's scope.").

## II.    ARGUMENT

The statute underlying Count Three, 18 U.S.C. § 922(g)(3), prohibits gun possession by anyone who "is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." Section 922(g)(3) "nowhere

defines 'unlawful user.'" *United States v. Jackson*, 280 F.3d 403, 406 (4th Cir. 2002).  As for "addicted to," the statute provides, "The term 'addict' means any individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction."  21 U.S.C. § 802(1).

Both these terms—"unlawful user" and "addict"—are facially vague, in violation of the Due Process Clause.  A person of ordinary intelligence would be unable to determine what conduct falls within these categories, even as they have been construed and limited by judicial opinions.  Accordingly, this Court should dismiss Count Three of the indictment.

### A.    "Unlawful User"

When assessing a vagueness claim, courts should look to both "the plain language of the contested statute" and "any limiting construction that a . . . court or enforcement agency has proffered."  *Martin*, 700 F.3d at 136.  In the case of § 922(g)(3), the Fourth Circuit has provided only one authoritative interpretation of the statute's scope.

The defendant in *Jackson* contended that "to violate the statute, one must be in possession of a controlled substance *at the same time one possesses a firearm.*"  280 F.3d at 406 (emphasis in original).  The Fourth Circuit rejected this argument, noting that § 922(g)(3) "does not forbid possession of a firearm *while unlawfully using* a controlled substance.  Rather, the statute prohibits *unlawful users* of controlled substances (and those addicted to such substances) from possessing firearms."  *Id.* (emphasis in original).  Without laying down a general test for what constitutes an "unlawful user," the court held the defendant in that case fit within the statutory prohibition because he "admitted to smoking marijuana twice a day for many years."  *Id.*  Thus *Jackson* itself offers little guidance on the scope of § 922(g)(3).

4

The *Jackson* court, however, supported its holding with a "*Cf.*" citation to *United States v. Purdy*, 264 F.3d 809 (9th Cir. 2001).  *Id.*  And in subsequent unpublished decisions, the Fourth Circuit has resolved sufficiency-of-the-evidence challenges under § 922(g)(3) by adopting the interpretation of that statute articulated in *Purdy*.  *E.g.*, *United States v. Sperling*, 400 F. App'x 765, 767 (4th Cir. 2010) (unpublished); *United States v. Marsh*, 232 F. App'x 261, 262 (4th Cir. 2007) (unpublished); *United States v. Parris*, 111 F. App'x 158, 159 (4th Cir. 2004) (unpublished); *United States v. Newman*, 101 F. App'x 397, 399 (4th Cir. 2004) (unpublished); *United States v. Edwards*, 38 F. App'x 134, 138 (4th Cir. 2002) (unpublished).  *Purdy* therefore provides the best available evidence of the meaning of § 922(g)(3) in the Fourth Circuit.

The defendant in *Purdy* raised an as applied vagueness challenge, arguing § 922(g)(3) was "impermissibly vague in the circumstances of [his] case."  264 F.3d at 811 (emphasis omitted).  To determine whether the facts of Purdy's case put him on notice that he was an "unlawful user of . . . a controlled substance," the Ninth Circuit had to construe the scope of § 922(g)(3).  *Id.* at 812.  The court held a defendant qualifies as an unlawful user if his "drug use [i]s sufficiently [1] consistent" (i.e., it occurred "on a regular basis"), [2] "prolonged" (i.e., it took place "over an extended period of time"), and [3] "close in time to his gun possession" (i.e., "contemporaneously with his possession of a firearm").  *Id.* at 812-13.  If, on the other hand, drug use is "infrequent and inconsistent," or if it occurs "in the distant past," a defendant does not fall "within the statutory definition of unlawful drug user."  *Id.* at 812.

Two aspects of *Purdy*'s interpretation of § 922(g)(3) render the statute void for vagueness.

### 1.    Liability Turns on Imprecise, Open-Ended Language.

As *Purdy* makes clear, a person can drift in and out of "unlawful user" status based on how recently and consistently he has used drugs.  The statute "does not permanently disarm all persons who, at any point in their lives, were unlawful drug users or addicts. Instead, it only applies to persons who are *currently* unlawful users or addicts." *United States v. Carter*, 669 F.3d 411, 419 (4th Cir. 2012) (emphasis in original).  Because of § 922(g)(3)'s "limited temporal reach," someone who was once an unlawful user can lose that status "by parting ways with illicit drug use" of the kind proscribed by the statute.  *Id.*  And even if a defendant undoubtedly qualifies as an unlawful user, firearm possession is not illegal unless it occurs "sufficiently . . . close in time" to his drug use.  *Purdy*, 264 F.3d at 812; *see also, e.g.*, *United States v. Augustin*, 376 F.3d 135, 138 (3d Cir. 2004) (explaining courts have imposed a "temporal nexus between the gun possession and regular drug use" under § 922(g)(3)).

The Fourth Circuit has observed, in light of these features of § 922(g)(3), that "the exact reach of the statute is not easy to define." *Jackson*, 280 F.3d at 406; *see also Sperling*, 400 F. App'x at 767 n.3 ("recogniz[ing] § 922(g)(3)'s ambiguity with regard to how close in time a defendant's drug use must be to the defendant's firearm possession in order to constitute a violation").  Indeed, to determine whether a given defendant is an "unlawful user," courts must examine his conduct with reference to three nebulous, open-ended standards: (1) "consistent" ("on a regular basis"), (2) "prolonged" ("over an extended period of time"), and (3) "close in time" ("contemporaneously").  *Purdy*, 264 F.3d at 812-13.  These standards raise more questions than they answer: How frequent is "consistent" drug use— daily? Weekly? Monthly?  How "prolonged" is an "extended" period of time—a week? Two

months? Three years?  And how close is close enough for "close in time"—a week?  Two weeks?  Five?  Ten?  The statute offers no clue about how to answer these questions.

Citing similar concerns, the Ninth Circuit in *Weissman v. United States*, 373 F.3d 799 (9th Cir. 1967), upheld a facial vagueness challenge to a statute providing that "'no citizen of the United States who is addicted to *or uses narcotic drugs* . . . shall depart from or enter into . . . the United States, unless such person registers . . . with a customs official . . . at a point of entry or a border customs station.'"  373 F.2d at 799 (quoting 18 U.S.C. § 1407) (ellipses in *Weissman*) (emphasis added).  The term "user of narcotics," the court wrote, "is unrestricted and general," encompassing "any of a large number of types of use of a narcotic drug."  *Id.* at 802.  Even if the court were to impose on the statue limitations not present in the text—e.g., that "one use is sufficient, unless occurring in the distant past," or that drug use must occur "within a reasonable period of time prior to the date charged in the Indictment"—the statute would still suffer from "indefiniteness" and "patent . . . uncertainty."  *Id.* at 803.  As the court put it, "how far past is the 'distant' past? . . . What is a 'reasonable period of time' before the date of the offense[?]"  *Id.*  The statute provided no answers, and it would not "be reasonable to expect the average citizen to have any knowledge, or even a reasonable suspicion," of the answers to these questions.  *Id.* at 802. The Ninth Circuit therefore came to "the reluctant opinion . . . that the phrase 'user of narcotic drugs' is so vague and indefinite as to constitute a denial of due process."  *Id.* at 803; *see also id.* at 800 ("[T]he conclusion is inevitable that the phrase a 'user of narcotic drugs,' or the phrase who 'uses narcotic drugs' (both being used interchangeably herein), has

no definite meaning, either technically or at common law."). The logic of *Weissman* is equally applicable here.[1]

Other courts have recognized that when, as in § 922(g)(3), criminal liability hinges on the regularity or frequency of certain conduct, the statute at issue may be void for vagueness. In *Whatley v. Zatecky*, 833 F.3d 762 (7th Cir. 2016), for instance, the petitioner was convicted under an Indiana statute punishing possession of cocaine within 1,000 feet of a "youth program center," which was defined as any "building or structure that *on a regular basis* provides recreational, vocational, academic, social, or other programs or services for persons less than eighteen (18) years of age." 833 F.3d at 765 (emphasis added). The Seventh Circuit held this statute was unconstitutionally vague because the statute provided

---

[1] In *United States v. Ocegueda*, 564 F.2d 1363 (9th Cir. 1977), the defendant argued that 18 U.S.C. § 922(h)(3)—the predecessor statute to § 922(g)(3), which is identical in all material respects—was vague both facially and as applied to him. 564 F.2d at 1365. He supported his facial-vagueness argument by citing to *Weissman*. *Id.* at 1366. The Ninth Circuit found that case inapposite, however, because in the ten years between *Weissman* and *Ocegueda*, the Supreme Court had "limit[ed] the scope of vagueness doctrine in non-First Amendment cases," with the result that courts in such cases could "only consider a vagueness challenge on the facts of the instant case." *Id.* The *Ocegueda* court therefore did not address the defendant's facial challenge, and it disregarded *Weissman*, which found § 1407 facially vague. *Id.*

As explained above, however, the Supreme Court's 2015 opinion in *Johnson* has since made clear that even outside the First Amendment context, courts may find a statute vague on its face. *Kolbe*, 849 F.3d at 148 n.19. Accordingly, the relevant opinion for gauging the facial vagueness of § 922(g)(3) is *Weissman* (which found a materially similar statute to be facially vague), not *Ocegueda* (which decided only an as applied vagueness claim).

A number of other circuits have rejected as applied vagueness challenges to § 922(g)(3). *E.g.*, *United States v. Edwards*, 182 F.3d 333, 335-36 (5th Cir. 1999); *United States v. Edwards*, 540 F.3d 1156, 1162 (10th Cir. 2008); *United States v. Monroe*, 233 F. App'x 879, 881 (11th Cir. 2007) (unpublished). These cases are irrelevant for the same reason as *Ocegueda* (and *Purdy*): they did not address the facial validity of § 922(g)(3); rather, they determined only that the statute was not impermissibly vague as applied to a particular defendant.

"no objective criteria for a reasonable person to determine whether . . . a facility hosted youth programs on a regular versus an irregular basis." *Id.* at 778. The term "regular," the court wrote, was "subjective," "standardless," and "amorphous," leaving defendants to "rely on little more than conjecture" to determine when activities were frequent enough to bring a building within the statutory definition. *Id.* at 778-79, 783. Because the statute "failed to fix an ascertainable standard of guilt" and "forbade no specific or definite act," it was void for vagueness. *Id.* at 781.

Other courts are in accord. *See, e.g.*, *Doe v. Snyder*, 101 F. Supp. 3d 672, 686-89 (E.D. Mich. 2015) (invalidating statute requiring sex offenders to notify registry operators when they "regularly" or "routinely" engage in certain activities, since "the commonly accepted meaning of the terms 'regularly' and 'routinely' do not provide sufficient guidance to law enforcement or registrants to survive a due process challenge both generally and as applied to Plaintiffs"); *Does 1-5 v. Cooper*, 40 F. Supp. 3d 657, 683-84 (M.D.N.C. 2014) (holding statute that "restricts access to 'any place where minors gather for *regularly scheduled* educational, recreational, or social programs'" is void for vagueness because "[t]here is no indication how often such programming must occur in order to be 'regularly scheduled,'" "how many minors must gather to qualify," or "how often minors must gather for such programming" (emphasis added)).

Section 922(g)(3), as construed in *Purdy* and applied by the Fourth Circuit, suffers from the same flaws. It uses subjective, standardless, and amorphous language to define liability—including language relating to the frequency of certain activity—and fails to provide any indication of the demarcation line between culpable and non-culpable drug use. *See, e.g.*, *United States v. Reed*, 114 F.3d 1067, 1069 (10th Cir. 1997) (quoting district court's

observation that § 922(g)(3) "on its face provides no guidance as to how nearly contemporaneous [drug use and gun possession] must be"); *United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016) (per curiam) (observing, of defendant's argument that "unlawful user" in § 922(g)(3) is facially vague, that "we are inclined to think that this argument could be meritorious under the right factual circumstances").[2]   The statute is therefore unconstitutionally vague.

To be sure, the Supreme Court assumed in *Johnson* that the use of some imprecise language, such as "substantial risk" or "unreasonable risk," is generally not sufficient, on its own, to render a statute void for vagueness. *See* 135 S. Ct. at 2561.   But the Fourth Circuit's interpretation of § 922(g)(3) contains not just one nebulous piece of language, but three—

---

[2] The Eighth Circuit in *Bramer* acknowledged that *Johnson* jettisoned the "no set of circumstances" requirement for facial vagueness challenges. 832 F.3d at 909.   Yet the court apparently concluded that, even after *Johnson*, a defendant can prevail in a facial attack only if he shows that "the statute is vague as applied to his particular conduct." *Id.*   The Eighth Circuit therefore denied the defendant's facial-vagueness claim because it concluded he would know his own conduct qualified him as an "unlawful user." *Id.*

This approach, which confuses the two types of vagueness challenges, cannot be reconciled with *Johnson* and *Dimaya*.   Under the *Bramer* view, a defendant who prevails on an as applied vagueness claim will also prevail on a facial vagueness claim, but a defendant who fails on the former will fail on the latter as well.   If this is so—i.e., if the scope of facial and as applied challenges is the same—there would be no reason to recognize two different kinds of claims.   *Johnson* and *Dimaya* gave no indication that they intended to render the Supreme Court's vagueness jurisprudence redundant and incoherent in this way.   Indeed, in *Johnson* the Supreme Court "declared the (now defunct) residual clause of the Armed Career Criminal Act ('ACCA') to be impermissibly vague *without requiring the defendant to first show that the clause was vague as applied to him.*" *United States v. Cook*, 914 F.3d 545, 551 (7th Cir. 2019) (emphasis added).

This Court should therefore ignore the Eighth Circuit's conflation of facial and as applied vagueness challenges and focus instead on its conclusion that "it is plausible that the term[] 'unlawful user' of a controlled substance . . . could be unconstitutionally vague." *Bramer*, 832 F.3d at 909.

layered one on top of the other: (1) "consistent" (i.e., "on a regular basis" rather than "infrequent"), (2) "prolonged" (i.e., "over an extended period of time"), and (3) "close in time" (i.e., "contemporaneously" rather than "in the distant past"). *Purdy*, 264 F.3d at 812-13. A single instance of such capacious language might not pose vagueness problems in isolation, but when enmeshed with multiple additional open-ended phrases, it becomes constitutionally intolerable. The combined uncertainty of all three phrases is too great to comply with the Due Process Clause.

Moreover, the *Johnson* Court explained that while statutes calling for "the application of a qualitative standard such as 'substantial risk' to real-world conduct" may pass constitutional muster, vagueness concerns are heightened when defendants must attempt to determine the scope of a statute *in general*, without reference to the particular facts of a given case. *Id.* Here, where Mr. Hasson brings a facial, rather than as applied, challenge, *Johnson*'s approval of language such as "unreasonable risk" is inapplicable.

## 2. Neither the Statute Nor Case Law Explains What Renders Use "Unlawful."

To be subject to liability under § 922(g)(3), a defendant must be not just a user of controlled substances, but an "unlawful" user. The statute does not contain a definition of "unlawful," but Black's Law Dictionary defines that word to mean "1) Not authorized by law; illegal; 2) Criminally punishable; 3) Involving moral turpitude." *United States v. Herrera*, 289 F.3d 311, 321 (5th Cir. 2002). Although federal law prohibits possession, distribution, and transportation of drugs, "[n]o federal statute specifically makes it illegal . . . to be a 'user' of drugs." *Id.* The Controlled Substances Act's "Congressional findings" section, in fact, distinguishes between use and other acts, such as possession, by providing that "[t]he illegal importation, manufacture, distribution, and possession and improper use

of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people." 21 U.S.C. § 801(2). Thus the CSA "does not mention the *illegal* use of controlled substances, only the *improper* use of controlled substances." *Herrera*, 289 F.3d at 321 n.8 (emphasis in original).[3]

Because "being a 'user' is not by itself illegal under any federal or state statute," Congress "could not have used the words 'unlawful user' to refer to conduct prohibited by statute." *Id.* at 322. Therefore, "the only definition of 'unlawful' [in Black's Law Dictionary] that might be applicable is the third"—that is, "involving moral turpitude." *Id.* But the "common and ordinary meaning" of this phrase "give[s] us little guidance." *Id.* Numerous federal courts have recognized, for example, that the phrase "crime of moral turpitude" "falls well short of clarity"; is "a stale, antiquated, and, worse, meaningless phrase"; is "rife with contradiction, a fossil, and an embarrassment to a modern legal system"; presents a "murky statutory standard"; is "perhaps the quintessential example of an ambiguous phrase"; embodies a concept that is "nebulous" and "notoriously plastic"; and is a term for which "there is no useful definition." *Islas-Veloz v. Whitaker*, 914 F.3d 1249, 1257-58 (9th Cir. 2019) (Fletcher, J., concurring) (citations omitted). It is impossible to "establish coherent criteria" for what qualifies as a crime of moral turpitude and what does not. *Id.* at 1258. In short, the term is "hopelessly and irredeemably vague." *Id.* at 1257.

---

[3] Indeed, as the *Herrera* court noted, it is not clear that Congress could "make the status of being a 'user,' by itself, illegal." *Id.* at 321. In *Robinson v. California*, 370 U.S. 660 (1962), the Supreme Court struck down a statute making it illegal to "be addicted to the use of narcotics." 370 U.S. at 667-68. Because the statute criminalized "the 'status' of narcotic addiction," rather than "the use of narcotics," the Court held it violated the Eighth Amendment's ban on cruel and unusual punishment. *Id.* at 666. Being a drug user, like being an addict, is a "status." Punishment for possessing a gun as an "unlawful user" of drugs may therefore contravene the Eighth Amendment. *Herrera*, 289 F.3d at 321-22 & n.9.

Although the Supreme Court held in *Jordan v. De George*, 341 U.S. 223 (1951), that that phrase is not void for vagueness as applied to fraud offenses, seventy years of experience have proven that, in other contexts, "crime of moral turpitude" is, "without question, . . . ambiguous." *Id.* at 1258; *see also, e.g.*, *Garcia-Meza v. Mukasey*, 516 F.3d 535, 536 (7th Cir. 2008) (describing "crime involving moral turpitude" as "notoriously baffling"). Thus the phrase "unlawful user" in § 922(g)(3), which invokes the concept of moral turpitude, provides little, if any, guidance as to what conduct the statute proscribes. *See Herrera*, 289 F.3d at 323 (concluding § 922(g)(3) "remains ambiguous" even "after seizing everything from which aid can be derived").[4] This uncertainty, compounded by the uncertainty inherent in the open-ended language described above, renders § 922(g)(3) void for vagueness.

**B.   "Addicted To"**

"Even when bringing a facial challenge, a party may contest certain provisions of a statute without taking on the whole of the statute." *Martin*, 700 F.3d at 136. Accordingly, even if this Court concludes the term "unlawful user" is not unconstitutionally vague, it should invalidate the "addicted to" language in § 922(g)(3) as void for vagueness. (Or vice versa.)

---

[4] Based on this ambiguity, the panel in *Herrera* invoked the rule of lenity to give § 922(g)(3) a narrow construction. *Id.* at 323-24. The en banc Fifth Circuit subsequently reversed the judgment in *Herrera*, concluding—under the extremely deferential "devoid of evidence" standard—that there was sufficient trial evidence to establish the defendant was an unlawful user of drugs. *United States v. Herrera*, 313 F.3d 882, 885 (5th Cir. 2002) (en banc) (per curiam). The en banc opinion did not address at all the thorough analysis in the panel opinion. *Id.* at 884-85. Instead, it simply noted the government's concession that for a defendant to qualify as an unlawful user, "his drug use would have to be with regularity and over an extended period of time"—and then, in one sentence, concluded the government had met this standard. *Id.* at 885. Because the reasoning in the *Herrera* panel opinion is persuasive, and because the en banc court provided no explanation or reason to disregard it, Mr. Hasson cites the panel opinion here in support of his position.

For purposes of § 922(g)(3), an addict "means any individual who [1] habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who [2] is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction." 21 U.S.C. § 802(1). The second part of this definition is circular: it defines an "addict" as someone who is so "addicted" that he has lost the power of self-control regarding his "addiction." This is like defining a "Christian" as someone who is so "Christian" that he exhibits devotion with respect to his "Christianity." Such a tautological definition does nothing to put a reasonable person on notice of what, exactly, an addict is in the first place.

The first half of the § 802(1) definition fares little better. In *Musser v. Utah*, 333 U.S. 95 (1948), the Supreme Court considered a vagueness challenge to a Utah statute criminalizing conspiracies "[t]o commit any act injurious to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice or the due administration of the laws." 333 U.S. at 96. On its face, the Court wrote, Utah's statute "would seem to be warrant for conviction for agreement to do almost any act which a judge and jury might find at the moment contrary to his or its notions of what was good for health, morals, trade, commerce, justice or order." *Id.* at 97. Because the statute did "not provide some reasonable standards of guilt," the Court strongly suggested it was unconstitutionally vague. *Id.* The Court ultimately did not decide the question, remanding instead so the Utah Supreme Court could adopt a narrowing construction that might obviate any vagueness problems. *Id.* at 97-98. But the Court was clearly of the view that, absent such a construction, the statute would run afoul of due process because it "fail[ed] to give adequate guidance to those who would be law-abiding." *Id.* at 97.

Section 802(1), like the Utah statute in *Musser*, speaks of "the public morals" and "the public . . . health." Unlike the Utah statute, it refers to "the public . . . safety, or welfare" instead of "trade or commerce," obstructing justice, and "administration of the laws." But these differences are immaterial. Both statutes are "admittedly very general" and "no[t] narrowly drawn"; both cover "almost any act which a judge and jury might find at the moment contrary to his or its notions of what was good." *Id.* at 96-97. A reference to "the public . . . safety, or welfare" is, if anything, less specific, and provides less guidance to law-abiding citizens, than a reference to the discrete categories of activity in the *Musser* statute— trade, commerce, obstructing justice, and administration of the laws. If the statute in *Musser* was void for vagueness, as the Court all but held it was, then § 802(1)'s definition of "addict" must be vague as well. *See also Glauner v. Miller*, 184 F.3d 1053, 1054-55 (9th Cir. 1999) (per curiam) (addressing Nevada statute that forbids parole for prisoners who pose "a menace to the health, safety or morals of others" and observing petitioner's vagueness challenge "would have force" if statute were criminal, rather than regulatory); *Ricks v. District of Columbia*, 414 F.2d 1097, 1106-07 (D.C. Cir. 1968) (holding vague a statute defining vagrancy as "leading an immoral or profligate life").

The § 802(1) definition of "addict" leaves "people of common intelligence . . . to guess at the meaning of the enactment." *Hill v. Colorado*, 530 U.S. 703, 774 (2000). It is therefore void for vagueness in violation of the Due Process Clause. *Id.*

## III.    CONCLUSION

Given the serious stakes attending noncompliance, the need for clarity in statutory language is especially important in criminal cases. Section 922(g)(3) does not meet this "higher" standard. *Schleifer*, 159 F.3d at 853. Because the statute, as construed by the courts, uses multiple ambiguous phrases layered on top of one another ("consistent,"

"prolonged," "close in time"), and because it employs terms with no readily apparent meaning ("unlawful" user, "public morals, health, safety, or welfare"), § 922(g)(3) fails to give a person of ordinary intelligence fair notice of what conduct is prohibited.  This Court should therefore dismiss Count Three of the indictment.

Respectfully submitted,

JAMES WYDA
Federal Public Defender


_____/s/_____
ELIZABETH G. OYER, #95458
CULLEN MACBETH, #810923
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
Telephone:  (410) 962-3962
Facsimile:   (410) 962-0872
Email: liz_oyer@fd.org
        cullen_macbeth@fd.org