**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| **v.** | \* | **Criminal No.  GJH-19-0096** |
| **CHRISTOPHER PAUL HASSON** | \* | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S ALLEGED**
**OPINIONS, AFFILIATIONS, AND INTENT TO COMMIT AN ACT OF VIOLENCE**

Defendant Christopher Hasson respectfully moves this Court in limine under Federal Rules of Evidence 401, 403, and 404, as well as the First, Fifth, and Sixth Amendments to the Constitution, for an order precluding the introduction at trial of any evidence regarding (1) any opinions or viewpoints Mr. Hasson allegedly held or expressed, including but not limited to those pertaining to white nationalism; (2) any association he allegedly had with other individuals or groups, including those identifying as white nationalists or ascribing to white nationalist beliefs; (3) any plans or preparations he allegedly made to commit an act of violence or terrorism; and (4) any other uncharged bad acts Mr. Hasson is alleged to have committed.

## I.  Procedural Background

Mr. Hasson is charged in a four-count superseding indictment with one count of possessing an unregistered silencer, under 26 U.S.C. § 5861(d) (Count One); one count of possessing a silencer unidentified by serial number, under 26 U.S.C. § 5861(i) (Count Two); one count of possession of a firearm by an unlawful user and addict of a controlled substance, under 18 U.S.C. § 922(g)(3) (Count Three); and one count of possessing a controlled substance, under 21 U.S.C. § 844(a) (Count Four).  ECF No. 71.

1

The four charges to be resolved at trial are much narrower than the uncharged allegations that the government has raised in its pretrial pleadings and that have been cited by numerous media outlets.  *See, e.g.*, ECF No. 9 at 1–2 (describing Mr. Hasson as a "domestic terrorist" and citing his alleged "extremist views"); ECF No. 42 at 2-5; Michael Kutzman, "Judge refuses to toss Coast Guard officer's gun charges," Associated Press (Sept. 20, 2019) (recently stating that Mr. Hasson was "accused of being a domestic terrorist").   The government has not charged Mr. Hasson with conspiring to, attempting to, or actually committing an act of violence or terrorism.  Nor do any of the charged counts require proof of racial animus or prejudice.  Nevertheless, the government has stated that the "current charges . . . are the proverbial tip of the iceberg," and has repeatedly invoked Mr. Hasson's purported beliefs and uncharged conduct throughout the proceedings in this case.  ECF No. 9 at 1.  Such sensationalist allegations include that he is a white supremacist and that he was planning to assassinate current and former elected officials.  ECF No. 9 at 9–12; ECF No. 42 at 2–5

Therefore, Mr. Hasson now moves in limine to preclude the government from introducing evidence of Mr. Hasson's alleged beliefs and associations, any alleged preparations to commit an act of violence or terrorism, and any other uncharged bad acts.  Such evidence would be irrelevant, unfairly prejudicial, and violative of the First, Fifth, and Sixth Amendments.

## II.   Argument

### A.   Evidence of Mr. Hasson's Alleged Beliefs, Associations, and Uncharged Bad Acts Should Be Excluded as Irrelevant Under Federal Rules of Evidence 401 and 404.

"It is elementary that, for evidence to be admissible, it must be relevant to an issue being tried."  *United States v. Hedgepeth*, 418 F.3d 411, 419 (4th Cir. 2005) (citing Fed. R.

Evid. 402).   Under Federal Rule of Evidence 401, evidence is relevant only if "it has a tendency to make a fact more or less probable than it would be without the evidence . . . [and] the fact is of consequence in determining the action."   Relevancy calls for an examination of the "relation between an item of evidence and a matter properly provable in the case."   Fed. R. Evid. 401 adv. comm. note.   "Relevancy must thus be determined in relation to the *charges and claims being tried . . . .*" *Hedgepeth*, 418 F.3d at 419 (emphasis added).

Here, only four issues will be tried: whether Mr. Hasson possessed Tramadol; whether he was an unlawful user and addict of a controlled substance in possession of a firearm; whether he possessed an unregistered silencer; and whether he possessed a silencer unidentified by a serial number.  *See* ECF No. 71.   None of these issues requires the factfinder to examine Mr. Hasson's purported beliefs or opinions.   The only mental state the government must establish is Mr. Hasson's knowledge of the facts that constitute the possession offenses. *See Rogers v. United States*, 522 U.S. 252, 254 (1998) (noting mens rea element of violation of § 5861(d) requires government to prove defendant knew the item was a silencer); *United States v. Gilbert*, 430 F.3d 215, 218 (4th Cir. 2005) (finding government must establish only the defendant's knowledge under § 922(g), not the defendant's motive); *United States v. Fattaleh*, 746 F. Supp. 599, 602 (D. Md. 1990) ("The offense of possession requires the government to prove beyond a reasonable doubt that the defendant (1) knowingly (2) possessed a controlled substance.").   Mr. Hasson's alleged beliefs and opinions are not probative of guilt, or of any other fact of consequence.  *Compare United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (holding defendant's tattoos "of a gun-wielding man" and the words "thug life" "did not make it any more likely that he possessed the particular gun charged in the indictment on the day in question"), *with United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990)

(admitting testimony that defendant asked to attend a "skinhead" picnic as relevant to issue of racial animus in civil rights case).

Equally irrelevant are any alleged associations between Mr. Hasson and individuals or groups who ascribe to white nationalist views or advocate for the use of violence. Mr. Hasson is not charged with conspiracy or any other offense predicated on his membership in a group or affiliation with others. *Cf. United States v. Teran*, 496 F. App'x 287, 292–92 (4th Cir. 2012) (unpublished) (finding that "admission of gang-related evidence is appropriate 'to demonstrate the existence of a joint venture or conspiracy and a relationship among its members'" (citation omitted)). Similarly, uncharged prior bad acts, including any alleged plans to commit acts of violence or terrorism, are wholly irrelevant to the charged conduct. Indeed, the government appeared to concede as much in its second motion for detention pending trial. *See* ECF No. 42 at 5 (arguing uncharged conduct should be considered by the Court at detention hearing because "there is no requirement that the evidence of dangerousness relate to the charged conduct").

Instead, as the government has made clear, evidence of Mr. Hasson's alleged beliefs, associations, and bad acts is relevant solely insofar as it might bear on Mr. Hasson's character. *See* ECF No. 42 at 1 (arguing that "[w]hen someone shows you who they are, believe them the first time"). But under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Prior bad acts are admissible only if they are (i) "relevant to an issue other than character," (ii) "necessary to prove an element of the crime charged," and (iii) "reliable." *United States v. Byers*, 649 F.3d 197, 206

(4th Cir. 2011) (citations omitted).[1]  However, as explained, uncharged allegations of domestic terrorism are wholly irrelevant to the charges in this case.  Even if the alleged bad acts were marginally relevant—which they are not—the availability of non-Rule 404(b) evidence, such as evidence of firearms allegedly found in Mr. Hasson's home, renders the admission of the evidence of uncharged alleged conduct unnecessary.  *See United States v. Lighty*, 616 F.3d 321, 354 (4th Cir. 2010) ("[A]s the quantum of other non-Rule 404(b) evidence available to prove an issue unrelated to character increases, the need for the Rule 404(b) evidence decreases.").

Because evidence of Mr. Hasson's alleged beliefs, associations, and uncharged conduct is relevant only to an evaluation of Mr. Hasson's character and does not bear on any fact consequential to the charged conduct, such evidence should be excluded under Rules 401 and 404.

**B. Evidence of Mr. Hasson's Alleged Beliefs, Associations, and Uncharged Bad Acts Should Be Excluded as Unfairly Prejudicial.**

Even if the Court finds that evidence of Mr. Hasson's alleged beliefs, associations, and preparations to commit violence is relevant to the charges at issue at trial, it should exclude the evidence pursuant to Federal Rule of Evidence 403.  Rule 403 provides that a court may exclude evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."  "Evidence is unfairly prejudicial when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence."  *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 124 (4th Cir. 2011) (citation omitted).

---

[1] Rule 404(b) evidence must also satisfy the requirements of Federal Rule of Evidence 403 to be admissible.  *Id.*

Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Basham*, 561 F.3d 302, 327 (4th Cir. 2009) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

Here, the danger of unfair prejudice is overwhelming.  "Few terms have a greater inherent risk of prejudgment than terrorism. . . ."  *United States v. Awami*, 541 F. Supp. 2d 945, 951 (N.D. Ohio 2008); *see also United States v. Al-Moayad*, 545 F.3d 139, 166 (2d Cir. 2008) ("[T]here can be little doubt that in the wake of the events of September 11, 2001, evidence linking a defendant to terrorism in a trial in which he is not charged with terrorism is likely to cause undue prejudice." (citation omitted)).  After multiple mass shootings, fears of domestic terrorism and mass shootings are rising.  *See* Megan Brenan, "Nearly Half in U.S. Fear Being the Victim of a Mass Shooting," Gallup.com (Sept. 10, 2019), *available at* https://news.gallup.com/poll/266681/nearly-half-fear-victim-mass-shooting.aspx.    White nationalism is also increasingly viewed as a "critical threat."  Joanna Piacenza, "After El Paso, More Voters See White Nationalism as a Threat," MorningConsult.com (Aug. 7, 2019), *available at* https://morningconsult.com/2019/08/07/after-el-paso-more-voters-see-white-nationalism-as-a-threat/.  The admission of sensationalist evidence of alleged white nationalism and domestic terrorism would do little except prey on these anxieties and impassion the jury on improper grounds.

In addition to stoking the jurors' fears, evidence of Mr. Hasson's purported white-supremacist beliefs would invite the jury to improperly decide the case based on their dislike of Mr. Hasson, rather than on the elements of the charged offenses.  Such misdirection is prohibited.  "There is no place in a criminal prosecution for gratuitous references to race. . . .

Elementary concepts of equal protection and due process alike forbid a prosecutor to seek to procure a verdict on the basis of racial animosity." *United States v. Bowman*, 302 F.3d 1228, 1240 (11th Cir. 2002) (citation omitted) (finding the district court erred in admitting evidence of club's "whites-only" policy because any limited probative value was outweighed by the danger of unfair prejudice).  The unnecessary injection of Mr. Hasson's alleged personal beliefs into the trial would create the real risk of a verdict based on the factfinder's prejudice against him.

And where, as here, the evidence at issue is far removed from the actual charges in the case, the danger of unfair prejudice is even higher.  In *United States v. Ham*, the Fourth Circuit considered whether the district court had erred in admitting evidence of child molestation and homosexuality in a case involving racketeering and mail fraud.  998 F.2d 1247, 1251–52 (4th Cir. 1993).  The evidence had been presented for the limited purpose of supporting the government's theory that the defendants were motivated to conspire to murder the victim to silence his threats to go public with the molestation evidence.  *Id.* at 1252.  Although it found the evidence was relevant, the Fourth Circuit vacated the defendants' convictions.  *Id.* at 1252–53.  In doing so, the court concluded that the evidence had only incremental probative value because it was neither "direct proof of motive" nor "was it essential proof."  *Id.* at 1253.  Hence, "[i]n the face of almost certain and considerable prejudice," the court determined that the evidence should not have been admitted.  *Id.*

Here, evidence of alleged white nationalism and domestic terrorism has no bearing on the possession-based offenses charged against Mr. Hasson.  The government has charged Mr. Hasson with only four counts, none of which is in any way tied to white nationalism or domestic terrorism.  The admission of such evidence would impermissibly enlarge the scope

7

of the trial far beyond what is charged in the indictment, threatening to divert the jurors' attention from the issues actually before them.   Admitting evidence of alleged white nationalism and terrorism would thus confuse the issues, mislead the jury, and unfairly prejudice Mr. Hasson.

This problem is compounded by the nature of white nationalism and domestic terrorism evidence, which is far more inflammatory than evidence of mere possession of firearms or controlled substances.   When weighing evidence's probative value against the danger of unfair prejudice, courts should exclude evidence that is "more sensational or disturbing than the crimes with which" the defendant has been charged.  *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995); *see also United States v. Herron*, 10-cr-0615, 2014 WL 1871909, at *4 (E.D.N.Y. May 8, 2014) ("[E]vidence is not unduly prejudicial when it is not 'more inflammatory than the charged crime[s]." (quoting *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999))).   Because white nationalism and domestic terrorism are far more lurid than the possession-based crimes with which Mr. Hasson is charged, the government should be precluded from introducing such evidence.

### C. Admission of White Supremacy Evidence Would Violate Mr. Hasson's Rights Under the First, Fifth, and Sixth Amendments.

Evidence of Mr. Hasson's alleged belief in white supremacy and his alleged association with others holding similar beliefs is not only irrelevant and prejudicial, its admission would violate his rights under the First, Fifth, and Sixth Amendments.  In *Dawson v. Delaware*, the prosecution introduced, at the penalty phase of a state criminal trial, evidence of the defendant's Aryan Brotherhood tattoos, as well as a stipulation describing the Aryan Brotherhood as a white racist prison gang.  503 U.S. 159, 161–62 (1992).  On appeal, the Supreme Court held the admission of this evidence was constitutional error that violated the

8

defendant's First Amendment right to join groups and associate with others.  *Id.* at 163, 165. The Court acknowledged that although "the Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations," it does prohibit the introduction of evidence that "prove[s] nothing more than [a defendant's] abstract beliefs." *Id.* at 165, 167.  Because "the Aryan Brotherhood evidence was not tied in any way to the murder of [the defendant's] victim," and was not relevant to proving an aggravating circumstance at sentencing, its admission violated the defendant's First Amendment rights.  *Id.* at 166–67.

The principle underlying *Dawson* is even more relevant here, where the evidence would be introduced during the guilt phase of a criminal proceeding.  The Constitution protects Mr. Hasson's right to freely associate with others who share his beliefs, regardless of the content of those beliefs.  *See id.* at 167 (quoting *Texas v. Johnson*, 491 U.S. 397, 414 (1989) ("[T]he government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable.")).   Introduction of Mr. Hasson's alleged ties to white nationalism would do nothing more than inject the proceeding with irrelevant, highly inflammatory evidence in violation of his First Amendment rights.

Moreover, "it is inconsistent with our traditional conception of a fair trial to permit the introduction of any evidence which might influence a jury to convict a defendant for any reason other than that he is guilty of the specific offense with which he is charged." *United States v. Harris*, 331 F.2d 185, 187 (4th Cir. 1964).  "The Sixth Amendment guarantees a criminal defendant the right to an impartial jury. . . . . 'The failure to accord an accused a fair hearing violates even the minimal standards of due process.'" *Fullwood v. Lee*, 290 F.3d 663, 677 (4th Cir. 2002) (citation omitted).  When irrelevant and emotionally charged evidence is improperly before a jury, the defendant is denied his right to "the trial by peers promised by the

Constitution of the United States, conducted in accordance with centuries-old fundamental concepts of justice." *McKinney v. Rees*, 993 F.2d 1378, 1385–86 (9th Cir. 1993) ("It is part of our community's sense of fair play that people are convicted because of what they have done, not who they are.") (finding state prosecution's introduction of irrelevant evidence of defendant's "fascination with knives and with commando lifestyle" impermissibly increased likelihood that defendant was convicted "on the basis of his suspicious character and previous acts," in violation of the defendant's right to due process). Admission of Mr. Hasson's alleged beliefs would fatally infect Mr. Hasson's trial in violation of his rights under the Fifth and Sixth Amendments.

## III.     Conclusion

For the reasons described above, this Court should prohibit the government from introducing evidence of Mr. Hasson's purported beliefs and associations, including those pertaining to white nationalism, as well as any uncharged alleged bad acts, including any alleged plans to commit an act of violence or terrorism.

Respectfully submitted,

James Wyda
Federal Public Defender

_____/s/_____
Elizabeth G. Oyer, #95458
Cullen Macbeth, #810923
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Telephone: (410) 962-3962
Facsimile: (410) 962-0872
Email: liz_oyer@fd.org
        cullen_macbeth@fd.org