IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. GJH-19-0096 |
| CHRISTOPHER PAUL HASSON | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MOTION IN LIMINE TO EXCLUDE THE PHYSICAL PRESENTATION OF FIREARMS AND THE ADMISSION OF AMMUNITION, TACTICAL GEAR, AND OTHER FIREARM ACCESSORIES**

Defendant Christopher Hasson respectfully moves this Court in limine under Federal Rule of Evidence 403 for an order precluding the physical presentation to the jury of fifteen firearms allegedly seized from Mr. Hasson's residence. Mr. Hasson also moves in limine under Federal Rules of Evidence 401, 402, 403, and 404(b) for an order prohibiting the government from introducing at trial evidence of Mr. Hasson's acquisition, possession, or use of ammunition, tactical gear, and other firearm accessories.[1]

**I.     Procedural Background**

On February 15, 2019, law enforcement agents executed a federal warrant to search Mr. Hasson's residence. They allegedly seized fifteen firearms, over one thousand rounds of ammunition, tactical gear, and firearm accessories from the home. ECF No. 9 at 6–8; ECF No. 71 at 3. Mr. Hasson was ultimately charged in a four-count superseding indictment with one count of possessing an unregistered silencer, under 26 U.S.C. § 5861(d) (Count One); one count of possessing a silencer unidentified by serial number, under 26 U.S.C. § 5861(i) (Count Two); one count of possession of a firearm by an unlawful user and addict of a controlled

---

[1] This request does not include the device and component parts alleged to be firearm silencers. *See* ECF No. 71 at 1 (Count One).

substance, under 18 U.S.C. § 922(g)(3) (Count Three); and one count of possessing a controlled substance, under 21 U.S.C. § 844(a) (Count Four). ECF No. 71.

**II.    Argument**

    **A. Admission of the Fifteen Firearms at Trial Is Prohibited by Rule 403.**

Federal Rule of Evidence 403 provides that a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "The rule calls for weighing the need for admission against the potential harms." *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993). "When the harmful component of relevant evidence becomes unduly prejudicial, a court should exclude it from consideration by the jury." *Id.* "Evidence is unfairly prejudicial when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 124 (4th Cir. 2011) (citation omitted).

As other courts have found, the physical presentation of multiple firearms to the jury at trial is highly inflammatory and carries an unacceptable risk of unfair prejudice. In *United States v. Klebig*, the Seventh Circuit considered whether the district court improperly admitted evidence of two dozen firearms at trial. 600 F.3d 700, 715–716 (7th Cir. 2009). The defendant conceded that the firearms were relevant to his defense that he mistook a sawed-off rifle for a pistol and that he did not intend to use an oil filter as a silencer. *Id.* at 715. However, he argued that the government's physical display of the firearms was unnecessary and unfairly prejudicial under Rule 403. *Id.*

2

The Seventh Circuit agreed with the defendant. "Two dozen guns in a courtroom is undoubtedly an alarming sight." *Id.* "[P]eople generally fear guns, and the physical presence of a large number of guns would cause a jury some anxiety." *Id.* As a result, the effect of the admission of the firearms "was to display [the defendant's] dangerousness rather than his knowledge or expertise with firearms." *Id.* at 716. Noting that "[t]here were far less prejudicial ways to display the guns and [the defendant's] familiarity with them," including through photographs or the introduction of a limited number of firearms, the Seventh Circuit instructed the district court on remand to "manage the presentation of this evidence to focus on [his] knowledge and intent rather than on the sheer number of guns he possessed." *Id.*

The same considerations apply equally here. In Count Three of the superseding indictment, the government identified fifteen firearms that Mr. Hasson allegedly possessed. ECF No. 71 at 3. Admission of these firearms would foment unnecessary fear and anxiety, divert the jury's attention from the charges against Mr. Hasson, and improperly elevate Mr. Hasson's character as a central issue in the case. There are far less emotionally-laden means of establishing that law enforcement found firearms in Mr. Hasson's home. A stipulation to the quantity and characteristics of the firearms seized from his residence—which Mr. Hasson is willing to make—would permit the government to present evidence of the firearms while minimizing the risk that the jury's deliberations will be tainted by fear, animus, or other improper factors. Because the risk of unfair prejudice substantially outweighs the probative value of the physical admission of the firearms themselves, and because there are other, less prejudicial means of introducing the firearms evidence, the government should be precluded from physically introducing the fifteen firearms identified in Count Three of the superseding indictment.

### B. Admission of Ammunition, Tactical Gear, and Firearm Accessories Is Prohibited by Rules 401, 402, 403, and 404(b).

Evidence of ammunition, tactical gear, and other firearm accessories allegedly owned by Mr. Hasson should also be excluded as irrelevant, cumulative, and unfairly prejudicial under Federal Rules of Evidence 401, 402, 403, and 404(b). Under Rule 401, evidence is relevant if "it has a tendency to make a fact more or less probable than it would be without the evidence . . . [and] the fact is of consequence in determining the action." Irrelevant evidence is inadmissible, Fed. R. Evid. 402, as is "[e]vidence of a crime, wrong, or other act" introduced "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b). Even when evidence is relevant, it must also pass the strictures of Rule 403 before it may be admitted at trial. *Ham*, 998 F.2d at 1252.

In light of these Rules, any evidence of ammunition, tactical gear, and other firearm accessories must be excluded. Although the government cited this evidence in its detention briefs to support its claim that Mr. Hasson posed a danger to the community, it has not established any connection between this evidence and the charges actually brought against Mr. Hasson. *See* ECF No. 9 at 6; ECF No. 42 at 4. Nor could it. Mr. Hasson was charged with possession-based offenses, none of which depends on extraneous evidence of other accessories he allegedly possessed. Instead, this evidence bears solely on Mr. Hasson's character and uncharged bad acts, including alleged plans to commit an act of violence. *See* ECF No. 42 at 4 (citing Mr. Hasson's alleged purchases of arms, tactical gear, ammunition, and survival items as evidence of his intent to commit an act of violence). Admission of such evidence is prohibited by Rules 401, 402, and 404(b).

Even if this evidence were marginally relevant to issues other than Mr. Hasson's character—which it is not—any probative value it might hold is substantially outweighed by the danger of unfair prejudice that its admission would pose. *See United States v. Serrano*, 192 F. Supp. 3d 407, 410 (S.D.N.Y. 2016) (excluding evidence of defendant's bulletproof vest under Rule 403 in felon-in-possession-of-ammunition case where "testimony and evidence concerning the bulletproof vest could lead the jury to hypothesize a connection to violent crime generally"). Moreover evidence of ammunition, tactical gear, and firearm accessories would be cumulative of admissible evidence of the firearms themselves, such as a stipulation.[2] Accordingly, the evidence must be excluded.

## III. Conclusion

For the reasons described above, the Court should prohibit the government from physically presenting the fifteen firearms to the jury and should exclude any evidence of ammunition, tactical gear, or other firearm accessories at trial.

---

[2] Mr. Hasson maintains that the physical admission of the fifteen firearms would be unfairly prejudicial and that his stipulation to the quantity and characteristics of the firearms would permit the government to introduce relevant evidence without sacrificing the interests identified in Rule 403.

Respectfully submitted,

James Wyda
Federal Public Defender

_____/s/_____
Elizabeth G. Oyer, #95458
Cullen Macbeth, #810923
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Telephone: (410) 962-3962
Facsimile: (410) 962-0872
Email: liz_oyer@fd.org
      cullen_macbeth@fd.org