UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**       *

v.                                  *       Criminal No. GJH-19-0096

**CHRISTOPHER PAUL HASSON**         *

\* \* \* \* \* \* \* \* \* \* \*

## MOTION TO EXCLUDE EVIDENCE OF CONTROLLED SUBSTANCES OTHER THAN TRAMADOL

Defendant Christopher Paul Hasson respectfully moves this Court in limine for an order prohibiting the government from introducing at trial evidence of Mr. Hasson's possession or use of any controlled substances other than Tramadol. Given the discovery in this case and the theory the government has advanced in pretrial motions, Mr. Hasson does not anticipate the government will attempt to introduce evidence of non-Tramadol substances. Nevertheless, Mr. Hasson files this motion in an abundance of caution in order to avoid a potential dispute during trial.

### I.  Procedural Background

Mr. Hasson is charged in Count Three of a four-count superseding indictment with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(3). ECF No. 71 at 3. Specifically, Count Three alleges that on or about February 15, 2019, Mr. Hasson, "knowing he was an unlawful user of and addicted to a controlled substance as defined in 21 U.S.C. § 802," knowingly possessed firearms. ECF No. 71 at 3.

Count Three of the superseding indictment does not identify the specific substance Mr. Hasson allegedly used or was addicted to around the time of his firearm possession. *See* ECF No. 71 at 3. Count Four of the superseding indictment, however, charges Mr. Hasson with

1

possession of Tramadol, a Schedule IV controlled substance. ECF No. 71 at 4. The logical reading of the superseding indictment, then, is that Count Three relies on Mr. Hasson's alleged use of Tramadol.

This reading is confirmed by all of the pretrial litigation in this case. The government has repeatedly indicated its view that Mr. Hasson is an "unlawful user" of Tramadol and that the § 922(g)(3) count hinges on his use of Tramadol. The government's Motion for Detention Pending Trial, for instance, described Mr. Hasson as "a chronic user of Tramadol," based on (1) alleged Tramadol purchases Mr. Hasson placed online beginning in October 2016, (2) discovery of Tramadol in Mr. Hasson's desk at work, and (3) Mr. Hasson's purchase of a synthetic-urine kit that the government believes was intended to beat a drug test. ECF No. 13-15.

Similarly, the government's response to Mr. Hasson's motion to dismiss the § 922(g)(3) count argued he could not succeed in an as-applied vagueness challenge to the statute because of his allegedly heavy and long-term use of Tramadol. The government contended § 922(g)(3) was not vague as applied to Mr. Hasson because he "possessed seventeen firearms while Tramadol was in his bloodstream, his home, his work desk, and the bag he was carrying at the time of his arrest." ECF No. 70 at 16. To support its view that Mr. Hasson's drug use was "consistent, prolonged, and close in time to his firearm possession," the government cited alleged Tramadol purchases between October 2016 and February 2019. ECF No. 70 at 18-19. Neither the government's response nor any other filing has suggested that use of any drug other than Tramadol brings Mr. Hasson within the scope of § 922(g)(3).

Nevertheless, the discovery produced to date indicates law enforcement found controlled substances including mestanolone, cocaine, and THC (the active ingredient in

marijuana) in the home that Mr. Hasson shared with his wife.  Mr. Hasson now moves in limine to preclude the government from using evidence of these other substances to carry its burden of proof on the § 922(g)(3) count or for any other purpose.

## II.     Argument

Section 922(g)(3) prohibits firearm possession by anyone "who is an unlawful user of or addicted to any controlled substance."  A conviction under the statute requires the government to "prove that the defendant's drug use was sufficiently consistent, prolonged, and close in time to his gun possession to put him on notice that he qualified as an unlawful user." *United States v. Sperling*, 400 F. App'x 765, 767 (4th Cir. 2010) (unpublished).  To do so, the government must show that a defendant's use of a specific substance was sufficiently consistent, prolonged, and contemporaneous that he can be considered an unlawful user of that particular substance.[1]  In this case, Tramadol is the only substance that even arguably rises to this level.  Accordingly, the presence of other controlled substances in the Hasson home is not relevant to any charge in the indictment.  Any such evidence should be excluded as irrelevant and unfairly prejudicial.

---

[1] "[U]nder the most basic canon of statutory construction, [courts] begin interpreting a statute by examining the literal and plain language of the statute." *Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 339 (4th Cir. 2009).  Applying this canon, the Fourth Circuit has held that when a statute uses the singular, rather than plural, form of a word, courts should not expand the reach of the statute by interpreting that word as a plural, absent some indication of contrary congressional intent.  *See Selgeka v. Carroll*, 184 F.3d 337, 342-43 (4th Cir. 1999) (construing statute that called for attorney general to "establish *a procedure* for an alien physically present in the United States . . . to apply for asylum" and concluding language "place[d] upon the Attorney General the obligation to establish *a single procedure* for asylum claims that apply to all applicants without distinction" (first emphasis added)).  Multiple courts have therefore approved jury instructions in § 922(g)(3) cases that speak in terms of "a controlled substance" or "the controlled substance"—singular.  *United States v. Burchard*, 580 F.3d 341, 346 (6th Cir. 2009); *United States v. Richard*, 350 F. App'x 252, 261-62 (10th Cir. 2009) (unpublished); *see also* 27 C.F.R. § 478.11 (regulation defining "unlawful user" and "addict" with reference to "a controlled substance" and "the substance").

The superseding indictment alleges Mr. Hasson, "knowing he was an unlawful user of and addicted to *a controlled substance* as defined in 21 U.S.C. § 802," knowingly possessed firearms. ECF No. 71 at 3 (emphasis added). The grand jury found probable cause to believe only that Mr. Hasson was an unlawful user of or addict to "a" controlled substance—nothing more. "It is well established that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *United States v. Cannady*, 924 F.3d 94, 99 (4th Cir. 2019). As a result, "[w]hen the government, through its presentation of evidence and/or its argument . . . broadens the bases for conviction beyond those charged in the indictment, a constructive amendment—sometimes referred to as a fatal variance—occurs." *Id.* (ellipsis in original). A fatal variance is "error *per se*." *Id.* Thus permitting the government to introduce evidence of mestanolone, marijuana, cocaine, or any other substance besides Tramadol would violate Mr. Hasson's Fifth Amendment grand jury right. *Id.*

And in any event, nothing in discovery indicates Mr. Hasson ever actually *used* any of those other substances, as opposed to simply possessing them. To the contrary, the toxicology results for a blood sample drawn from Mr. Hasson at the time of his arrest were *negative* for the presence of other controlled substances. Moreover, there is no evidence that the other substances seized from the residence even belonged to Mr. Hasson, as opposed to another occupant of the residence. Absent any evidence that Mr. Hasson was actually using any controlled substance other than Tramadol, such evidence has no relevance to the charges in the superseding indictment.

Mr. Hasson is unaware of any case holding a defendant may be convicted under § 922(g)(3) based entirely on circumstantial evidence that a given substance was found within his home. Evidence of other drugs will therefore do nothing more than waste time, confuse

4

the issues, and engender prejudice among the jurors, who may reason, illogically, that if Mr. Hasson possessed other drugs like cocaine, he is more likely to be an unlawful user of or addict to Tramadol. To the extent evidence of other drugs has any limited probative value, therefore, it is inadmissible under Federal Rule of Evidence 403. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) ("Prejudice, as used in Rule 403, refers to evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

## III. Conclusion

For the reasons described above, this Court should prohibit the government from introducing evidence of any controlled substance other than Tramadol.

Respectfully submitted,

James Wyda
Federal Public Defender

          /s/
Elizabeth G. Oyer, #95458
Cullen Macbeth, #810923
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Telephone: (410) 962-3962
Facsimile: (410) 962-0872
Email: liz_oyer@fd.org
       cullen_macbeth@fd.org