IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH-19-96 |
| | * | |
| CHRISTOPHER PAUL HASSON, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

GOVERNMENT'S MOTION IN LIMINE
REGARDING PRIOR FIREARM POSSESSION

The United States of America, by and through the undersigned attorneys, hereby moves in limine to admit prior instances of the defendant's possession of firearms.

Caselaw

Rule 404(b) is a rule of inclusion rather than exclusion, and it generally permits introduction of evidence to prove a defendant's motive, opportunity, plan, knowledge, intent, and absence of mistake. *See United States v. Moore*, 709 F.3d 287, 295 (4th Cir. 2013); *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998). In order to be admitted under Rule 404(b), evidence of other acts must be relevant, necessary, and reliable, and its probative value must not be substantially outweighed by confusion or unfair prejudice. *See United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012). Evidence is relevant if it has any tendency to make the existence of any determinative fact more probable than it would be absent the evidence. *See Van Metre*, 150 F.3d at 349; Fed. R. Evid. 401. As a result, "[t]he threshold for relevancy is relatively low." *United States v. Powers*, 59 F.3d 1460, 1465 (4th Cir. 1995). Evidence is necessary where it "is an essential part of the crimes on trial or . . . furnishes part of the context of the crime." *McBride*, 676 F.3d at 398. Generally, the relevance and necessity inquiries "embody overlapping concerns" and "are often considered in tandem." *Id*. at 397. As a general

rule, where evidence is relevant, it is necessary. Finally, "[e]vidence is reliable and should be submitted to the fact finder unless it is so preposterous that it could not be believed by a rational and properly instructed juror." *United States v. Hornsby*, 666 F.3d 296, 308 (4th Cir. 2012) (quotation marks omitted).

### Prior Possession of Firearms

Evidence produced to the defendant in discovery shows the defendant possessed firearms on various occasions prior to the charged date of February 15, 2019. Much of this evidence is non-objectionable. For example, the Government intends to introduce several ATF Forms 4473, which show that the defendant purchased certain of the firearms found in his residence on occasions prior to the charged date. However, the Government also intends to introduce other evidence—including text messages, photographs, and videos—showing that the defendant possessed firearms on prior occasions. For example:

- In two videos taken on March 29, 2015, the defendant fires a shotgun into a swimming pool.
- A photograph from April 24, 2017, shows three long guns on what appears to be the table in the defendant's residence.
- A photograph taken on November 13, 2017, and uploaded on December 1, 2017, shows a handgun.
- A photograph taken on November 29, 2017, and uploaded on December 11, 2017, shows two long guns resting on a couch (apparently in the defendant's residence).
- A photograph taken on March 16, 2018, shows a handgun and four magazines on what appears to be the table in the defendant's residence.
- In a photograph dated March 13, 2018, the defendant fired a handgun at a shooting range.

- In another photograph dated April 7, 2018, two long guns are displayed in what appears to be the defendant's residence. The defendant sent that same photograph by text message to a relative on April 15, 2018, with the message, "New one on right as you look at it."

- In another photograph dated April 10, 2018, the defendant admires a relative brandishing one of his firearms in the residence in which a similar firearm was recovered on February 15, 2019.

- Accompanying an April 21, 2018, text message to a relative that stated, "Mom will send car stock and extended charging handle and other parts to you Monday," the defendant attached a picture (apparently taken in his residence) showing various firearm parts.

Each of these prior instances, and similar ones that may be introduced at trial, prove the defendant's opportunity, intent, knowledge, and identity in possession the charged firearms on February 15, 2019. The prior instances should be admitted because the *Queen* factors militate in favor of admission. *See United States v. Brown*, 108 F.R.E. 1496 (W.D. Va. 2019) ("The Fourth Circuit has repeatedly recognized that in a § 922(g) case, possession of other firearms at other times can be admitted under Rule 404(b) because it is relevant to the defendant's knowingly and intentionally possessing the charged firearms and frequently necessary to prove these elements." (collecting many Fourth Circuit cases)); *United States v. Payne*, 2016 WL 5794810 (W.D. Va. Oct. 4, 2016) (same); *United States v. Dumire*, 2016 WL 4507390 (W.D. Va. Aug. 26, 2016) (same).

First, the text messages, photographs, and videos are relevant. They furnish context for the crimes; they are probative of the defendant's opportunity, intent, knowledge, and identity. In *McBride*, 676 F.3d at 397, the Fourth Circuit clarified that other act evidence is relevant where it is "sufficiently related" to the charged crimes. "The more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the

prior act." *Id*. Here, the evidence the Government seeks to introduce occurred in proximity to the charged conduct—sometimes less than a year prior.

Second, evidence of the defendant's prior possession is also necessary. The inquiry into the necessity of other act evidence often overlaps with the relevance inquiry. *McBride*, 676 F.3d at 397. As discussed above, the text messages, photographs, and videos relate directly to, and are probative of, the defendant's opportunity intent, knowledge, and identity. Here, the defendant was not present when law enforcement agents found firearms in his residence. Rather, another individual was present at the residence. The Government's proof at trial must establish that the defendant nonetheless was in possession of the firearms (including through constructive and joint possession) notwithstanding that he was not present during the search.

Third, evidence of the prior possession is reliable. The text messages, photographs, and videos come from the electronic devices and email accounts of either the defendant or a relative, and many clearly show the defendant. Accordingly, the evidence is not in the least "preposterous." *Hornsby*, 666 F.3d at 308.

Finally, Rule 403 does not bar introduction of the text messages, photographs, and videos. As a general rule, evidence otherwise admissible under Rule 404(b) is not barred by Rule 403 "where such evidence did not involve conduct any more sensational or disturbing than the crimes with which the defendant was charged." *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011) (quotation marks omitted). *See also Siegel*, 536 F.3d at 320 ("Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly" (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)). Here, the prior possession is identical in nature to the charged conduct, and therefore no more sensational or disturbing. Additionally, "[a]ny risk of such prejudice [is] mitigated by a limiting instruction

from the district court clarifying the issues for which the jury could properly consider the evidence." *Byers*, 649 F.3d at 210.

                        Respectfully Submitted,

                        Robert K. Hur
                        United States Attorney

By: /s/ _____
      Thomas P. Windom
      Assistant United States Attorney