

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DATE: **October 3, 2019**
TIME: **3:08 p.m.**
CLERK'S OFFICE
AT GREENBELT
BY DEPUTY: KLS

**U.S. Department of Justice**

*United States Attorney
District of Maryland
Southern Division*

Thomas P. Windom
Assistant United States Attorney
thomas.windom@usdoj.gov

*Mailing Address:*
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770-1249

*Office Location:*
6406 Ivy Lane, 8th Floor
Greenbelt, MD 20770-1249

*DIRECT:* 301-344-0197
*MAIN:* 301-344-4433
*FAX:* 301-344-4516

October 2, 2019

Liz Oyer, Esq.
Office of the Federal Public Defender
100 S. Charles St #900
Baltimore, Maryland 21201

   Re: United States v. Christopher Paul Hasson,
      Crim. No. GJH-19-96

Dear Counsel:

  This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Christopher Paul Hasson (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **Thursday, October 3, 2019, at 12:00 p.m.**, it will be deemed withdrawn. The terms of the Agreement are as follows:

## Offenses of Conviction

  1. The Defendant agrees to plead guilty to Counts One, Two, Three, and Four of the Superseding Indictment, which charge the Defendant as follows: in Count One, with Unlawful Possession of Unregistered Silencers, in violation of 26 U.S.C. § 5861(d); in Count Two, with Unlawful Possession of Firearm Silencers Unidentified by Serial Number, in violation of 26 U.S.C. § 5861(i); in Count Three, with Possession of Firearms by Unlawful User of and Addict to a Controlled Substance, in violation of 18 U.S.C. § 922(g)(3); and in Count Four, with Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a). The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

## Elements of the Offenses

  2. The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Superseding Indictment, in the District of Maryland—

Count One (Unlawful Possession of Unregistered Silencers): (1) the Defendant had possession of a firearm, as defined in 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921(a)(24), specifically, one assembled firearm silencer and one disassembled firearm silencer, as

charged in Count One of the Superseding Indictment; (2) the Defendant knew he possessed a firearm silencer; and (3) the firearm silencer was not registered to the Defendant in the National Firearms Registration and Transfer Record.

Count Two (Unlawful Possession of Firearm Silencers Unidentified by Serial Number): (1) the Defendant had possession of a firearm, as defined in 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921(a)(24), specifically, one assembled firearm silencer and one disassembled firearm silencer, as charged in Count Two of the Superseding Indictment; (2) the Defendant knew he possessed a firearm silencer; (3) the firearm silencer did not have a serial number; and (4) the Defendant knew that the firearm silencer did not have a serial number.

Count Three (Possession of Firearms by Unlawful User of and Addict to a Controlled Substance): (1) the Defendant knowingly possessed a firearm, as charged in Count Three of the Superseding Indictment; (2) at the time of the possession, the Defendant was an unlawful user of and addicted to a controlled substance; (3) at the time of the possession, the Defendant knew that the Defendant was an unlawful user of and addicted to a controlled substance; and (4) such possession was in or affecting commerce.

Count Four (Possession of a Controlled Substance): (1) the Defendant possessed a controlled substance, specifically, Tramadol, as charged in Count Four of the Superseding Indictment; and (2) the Defendant knew that the Defendant possessed the controlled substance.

Penalties

3. The maximum penalties provided by statute for the offenses to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | 26 U.S.C. § 5861(d) | N/A | 10 years | 3 years | $10,000 | $100 |
| 2 | 26 U.S.C. § 5861(i) | N/A | 10 years | 3 years | $10,000 | $100 |
| 3 | 18 U.S.C. § 922(g)(3) | N/A | 10 years | 3 years | $250,000 | $100 |
| 4 | 21 U.S.C. § 844(a) | N/A | 1 year | 1 year | At least $1,000 and no more than $100,000 | $25 |

a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b.  Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c.  Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

d.  Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

e.  Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f.  Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Waiver of Rights

4.  The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.  If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The

jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

      d.      The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

      e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, with the limited exceptions set forth in the "Waiver of Appeal" section below, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.      By pleading guilty, the Defendant will be giving up all of these rights, except the rights under the limited circumstances set forth in the "Waiver of Appeal" section below. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

      g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

      h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

#### Count One

a. This Office and the Defendant further agree that the applicable base offense level is **20**, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(4), because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and a firearm that is described in 26 U.S.C. § 5845(a), and the Defendant was a prohibited person at the time the Defendant committed the instant offense.

b. A 4-level increase applies, pursuant to U.S.S.G. § 2K2.1(b)(1)(B), because the offense involved at least eight and not more than 24 firearms.

#### Count Two

c. The applicable base offense level is **20**, pursuant to U.S.S.G. § 2K2.1(a)(4), because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and a firearm that is described in 26 U.S.C. § 5845(a), and the Defendant was a prohibited person at the time the Defendant committed the instant offense.

d. A 4-level increase applies, pursuant to U.S.S.G. § 2K2.1(b)(1)(B), because the offense involved at least eight and not more than 24 firearms.

#### Count Three

e. The applicable base offense level is **20**, pursuant to U.S.S.G. § 2K2.1(a)(4), because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and a firearm that is described in 26 U.S.C. § 5845(a), and the Defendant was a prohibited person at the time the Defendant committed the instant offense.

f. A 4-level increase applies, pursuant to U.S.S.G. § 2K2.1(b)(1)(B), because the offense involved at least eight and not more than 24 firearms.

### Count Four

g. The applicable base offense level is **4**, pursuant to U.S.S.G. § 2D2.1(a)(3), because the offense involved Tramadol.

### Grouping

h. Counts One through Four group, pursuant to U.S.S.G. § 3D1.2(d).

### Reservation of Rights Regarding Guidelines

i. In addition to the agreed-upon Guideline provisions above, this Office and the Defendant reserve the right to argue for or against the applicability of any other Guideline, including but not limited to: U.S.S.G. §§ 2K2.1(b)(6)(B), 3A1.1(a), 3A1.2(a), 3A1.4(a) and (b), 3B1.3, and 4A1.3(a).

### Acceptance of Responsibility

j. This Office does not oppose a **2-level** reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office will <u>not</u> make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease because the Defendant did not timely notify this Office of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

### No Agreement as to Criminal History

7. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

## Obligations of the Parties

8.  At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). **Specifically, the Defendant may advocate for any sentence at or above the aggregate statutory minimums, and the Government may advocate for any sentence at or below the aggregate statutory maximums, notwithstanding the advisory Guideline range.** This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Superseding Indictment and any conduct raised during the detention hearings and in related detention filings in this case. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Waiver of Appeal

9.  In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

   a.  As provided by Fed. R. Crim. P. 11(a)(2), the Defendant reserves the right to appeal the Court's order denying the Defendant's Motion to Dismiss Counts One and Two of the Indictment on Second Amendment Grounds (ECF Nos. 62 (motion) and 86 ¶ 1 (relevant paragraph of order)) and Motion to Dismiss Count Three of the Indictment on Void-for-Vagueness Grounds (ECF No. 63 (motion) and 86 ¶ 2 (relevant paragraph of order)).

   b.  In all other respects, the Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statutes to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statutes, to the extent that such challenges legally can be waived.

   c.  The Defendant knowingly and expressly waives the right to appeal the Court's order denying the Defendant's Motion to Suppress Evidence Seized Pursuant to Search Warrants (ECF No. 66 (motion) and 86 ¶ 3 (relevant paragraph of order)).

   d.  The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

     i.  The Defendant reserves the right to appeal any term of imprisonment that exceeds the aggregate statutory minimum (zero years) for any reason, including (but not limited to) grounds that the Court misapplied any Guideline enhancement not agreed to by the parties; and

     ii.  This Office reserves the right to appeal any term of imprisonment that is below the aggregate statutory maximum (31 years) for any reason, including (but not limited to) grounds that the Court misapplied any Guideline enhancement not agreed to by the parties.

   e.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

10.  The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offenses, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

11.  Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

   (1)  a Stag Arms AR15 5.56mm rifle;
   (2)  a Ruger CQR Model X15 rifle;
   (3)  a DPMS Panther Arms 308 Model LR-308 rifle;
   (4)  a Bergara 308 rifle;
   (5)  a Remington Model 241 .22 caliber rifle;
   (6)  a Ranger 101-16 .22 caliber rifle;
   (7)  a Marlin Model 795 rifle;
   (8)  a Remington 870 shotgun;
   (9)  another Remington 870 shotgun;
   (10) a Glock handgun;
   (11) an H&K handgun;
   (12) a Sig Sauer Model 1911 handgun;
   (13) a Springfield .45 caliber handgun;
   (14) an R Guns revolver;
   (15) an RG 14 revolver;
   (16) an assembled firearm silencer;
   (17) a disassembled firearm silencer; and
   (18) any and all magazines and ammunition recovered from the Defendant's residence on or about February 15, 2019.

12. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. This Office agrees to seek the Attorney General's approval to apply forfeited assets to the Defendant's Restitution Order.

13. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

14. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Abandonment

15. The Defendant knowingly and voluntarily waives any right, title, and interest in the following property seized from the Defendant's residence in Silver Spring, Maryland, on or about February 15, 2019: (1) any and all body armor, including but not limited to, plates and plate carriers; and (2) any and all smoke grenades (together, the "Abandoned Property").

16. The Defendant agrees not to contest the vesting of title of the Abandoned Property in the United States Government and agrees to unconditionally release and hold harmless the United States Government, its officers, employees, and agents, from any and all claims, demands, damages, causes of actions, suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure or waiver of ownership interest in the Abandoned Property. The Defendant agrees to execute any documents as necessary to the waiver of right, title, and interest in the Abandoned Property, including any forms necessary to effect the Defendant's waiver of ownership interest.

## Defendant's Conduct Prior to Sentencing and Breach

17. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

18. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

## Public Benefits in Drug Cases

19. The Defendant understands and acknowledges that under 21 U.S.C. §§ 862 and 862a, a person who has been convicted of a federal offense involving the distribution or possession of controlled substances may be denied certain federal and state benefits such as loans, grants, or food stamps.

## Consequences of Vacatur, Reversal, or Set-Aside

20. If a conviction entered pursuant to this Agreement is vacated, reversed, or set aside for any reason, then this Office will be released from its obligations under this Agreement, and any prosecution that is not time-barred as of the date of the signing of this Agreement (including any counts this Office has agreed to dismiss) may be commenced or reinstated against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. The Defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date this Agreement is signed, and any applicable statute of limitations will be tolled from the date of this Agreement until 120 days after the vacatur, reversal, or set aside becomes final. The Defendant waives any defenses based on double jeopardy, pre-indictment delay, or the Speedy Trial Act.

## Court Not a Party

21. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up

to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

22. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

Thomas P. Windom
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10/3/19
Date

Christopher Paul Hasson

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

10/3/19
Date

Liz Oyer, Esq.