IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. GJH-19-96 |
| | * |
| CHRISTOPHER PAUL HASSON, | * |
| | * |
| Defendant | * |
| | * |

********

## GOVERNMENT'S MOTION TO SEAL

The United States of America, by and through the undersigned attorneys, hereby moves for an order sealing the exhibits to the Government's sentencing memorandum. Certain of the exhibits contain confidential information, including identifying information of third-parties not implicated in the defendant's criminal conduct.

In order to seal the opposition brief, "the government must demonstrate that: 1) there is a compelling governmental interest requiring materials to be kept under seal; and 2) there is no less restrictive means, such as redaction, available." *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584, 591 (D. Md. 2004) (citing *United States v. Oliver*, No. 99-4231, 2000 U.S. App. LEXIS 3630, at *4 (4th Cir. Va. Mar. 9, 2000)). Here, there is a compelling interest in maintaining certain material under seal. The Government intends to file a redacted, public version of the exhibits prior to the sentencing hearing.

The procedures for sealing are set forth in *Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989): "The judicial officer may explicitly adopt the facts that the government presents to justify the sealing . . . ." *Id.* at 65.

Respectfully Submitted,

Robert K. Hur
United States Attorney

By: /s/
Thomas P. Windom
Assistant United States Attorney