IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH-19-96 |
| | * | |
| CHRISTOPHER PAUL HASSON, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Robert K. Hur, United States Attorney for the District of Maryland, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872(a), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On August 14, 2019, a federal grand jury in the District of Maryland returned a Superseding Indictment, charging Christopher Paul Hasson (the "Defendant") with Unlawful Possession of Unregistered Firearm Silencers, in violation of 26 U.S.C. § 5861(d) (Count One), Unlawful Possession of Unregistered Firearm Silencers Unidentified by Serial Number, in violation of 26 U.S.C. § 5861(i) (Count Two), Possession of Firearms by Unlawful User of and Addict to a Controlled Substance, in violation of 18 U.S.C. § 922(g)(3) (Count Three), and Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a). ECF No. 71.

2. The Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872(a), 28 U.S.C. § 2461(c), which provided notice that the

United States intended to seek the forfeiture, upon conviction of the Defendant, of the offenses alleged in Counts One, Two, and Three of the Superseding Indictment.

    3.    On October 3, 2019, the Defendant pled guilty to the offenses alleged in Counts One, Two, Three, and Four of the Superseding Indictment.  ECF. No. 94.  As part of his guilty plea, the Defendant agreed to forfeit to the United States all right, title, and interest in the following items that the Defendant agreed constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's offenses:

    (1)    a Stag Arms AR15 5.56mm rifle, bearing serial number 92215;

    (2)    an Aero Precision X15 rifle, bearing serial number AR-12599;[1]

    (3)    a DPMS Panther Arms 308 Model LR-308 rifle, bearing serial number 78204;

    (4)    a Bergara 308 rifle, bearing serial number 610620787417;

    (5)    a Remington Model 241 .22 caliber rifle, bearing serial number 46167;

    (6)    a Ranger 101-16 .22 caliber rifle, bearing no serial number;

    (7)    a Marlin Model 795 rifle, bearing serial number 98415018;

    (8)    a Remington 870 shotgun, bearing serial number AB872838M;

    (9)    another Remington 870 shotgun, bearing serial number RS12996F;

    (10)    a Glock handgun, bearing serial number BBKV556;

    (11)    an H&K handgun, bearing serial number 224-033465;

    (12)    a Sig Sauer Model 1911 handgun, bearing serial number 54B146877;

    (13)    a Springfield .45 caliber handgun, bearing serial number LW156014;

    (14)    an R Guns revolver; bearing serial number V3615;

---

[1] The Aero Precision X15 rifle was listed as a Ruger CQR Model X15 rifle in the Defendant's written plea agreement.

   (15) an RG 14 revolver bearing, serial number L568286;

   (16) an assembled firearm silencer; and

   (17) a disassembled firearm silencer;

(collectively, the "Subject Property").   ECF. No. 94, ¶ 11.

 4. Pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872(a), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Subject Property.

 5. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and notice that any person, other than the Defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

 6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

 7. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a)     enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)     include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c)     retain jurisdiction for the purpose of enforcing the forfeiture; and

(d)     incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

Robert K. Hur
United States Attorney

By:    /s/
Thomas P. Windom
Assistant United States Attorney