FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2020 FEB -6 AM 10: 01

CLERK'S OFFICE
AT GREENBELT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. GJH-19-96 |
| CHRISTOPHER PAUL HASSON, | * | |
| Defendant | * | |

*******

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 14, 2019, a federal grand jury in the District of Maryland returned a Superseding Indictment, charging Christopher Paul Hasson (the "Defendant") with Unlawful Possession of Unregistered Firearm Silencers, in violation of 26 U.S.C. § 5861(d) (Count One), Unlawful Possession of Unregistered Firearm Silencers Unidentified by Serial Number, in violation of 26 U.S.C. § 5861(i) (Count Two), Possession of Firearms by Unlawful User of and Addict to a Controlled Substance, in violation of 18 U.S.C. § 922(g)(3) (Count Three), and Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a);

WHEREAS, the Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872(a), 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant, of the offenses alleged in Counts One, Two and Three of the Superseding Indictment;

WHEREAS, on October 3, 2019, the Defendant pled guilty to the offenses alleged in Counts One, Two, Three, and Four of the Superseding Indictment;

WHEREAS, as part of his guilty plea, the Defendant agreed to forfeit to the United States all right, title and interest in the following items that the Defendant agreed constitute money,

property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's offenses:

(1) a Stag Arms AR15 5.56mm rifle;

(2) an Aero Precision X15 rifle;

(3) a DPMS Panther Arms 308 Model LR-308 rifle;

(4) a Bergara 308 rifle;

(5) a Remington Model 241 .22 caliber rifle;

(6) a Ranger 101-16 .22 caliber rifle;

(7) a Marlin Model 795 rifle;

(8) a Remington 870 shotgun;

(9) another Remington 870 shotgun;

(10) a Glock handgun;

(11) an H&K handgun;

(12) a Sig Sauer Model 1911 handgun;

(13) a Springfield .45 caliber handgun;

(14) an R Guns revolver;

(15) an RG 14 revolver;

(16) an assembled firearm silencer; and

(17) a disassembled firearm silencer.

(collectively, the "Subject Property");

WHEREAS, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872(a), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Subject Property;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Subject Property and the offense to which the Defendant pled guilty.

1. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

2. Accordingly, all of Defendant's interests in the Subject Property are hereby forfeited to the United States for disposition pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872(a), and 28 U.S.C. § 2461(c).

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Subject Property and maintain it in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Subject Property.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Subject Property to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Subject Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court for the District of Maryland, requesting a hearing to

adjudicate the validity of his or her interest in the Subject Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States shall have clear title to the Subject Property.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872(a), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
Hon. George J. Hazel
United States District Judge

Dated: 2/5/2020